# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK MATHIS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-4804 |
| : | |
| MRS. BENDER, *et al.*, : | |
|     Defendants. : | |

GOLDBERG, J.                                                            APRIL 8, 2020

## MEMORANDUM OPINION

Plaintiff Derrick Mathis, proceeding *pro se*, brings this civil action against Defendants "Mrs. Bender," "Mrs. Potter," "Wells Fargo Corporation," and "Mrs. Wilson." (ECF No. 2 at 2.) For the following reasons, I will dismiss all federal claims in his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and grant him leave to amend with respect to any state law claims if he is able to demonstrate that the Court has subject matter jurisdiction over those claims.

**I.    FACTUAL ALLEGATIONS**

Mathis's Complaint consists of fifty-eight pages, most of which are exhibits. Mathis asserts that on July 5, 2011, he and "Mrs. Hines" signed a lease purchase agreement for property located at 1551 North 29th Street, Philadelphia, Pennsylvania, where Mathis currently resides. (ECF No. 2 at 1, 3.)[1] He mentions that Hines has a mortgage with Wells Fargo. (Id. at 3.)

Mathis avers that at some point Hines and her attorney filed actions in both state court and federal bankruptcy court falsely claiming that Mathis was in arrears of the contract referenced above. (Id.) Mathis avers that Hines and her attorney failed to prove that he "was in arrears after [he] ordered a payment history from Wells Fargo." (Id.) He asserts that Wells

---

[1]     I use the pagination assigned to the Complaint by the CM/ECF docketing system.

Fargo has collected a total of over $80,000 in payments, with close to $50,000 of those payments having been made by him. (Id.) Mathis avers, however, that "Wells Fargo Corporation[,] Mrs. Potter [and] Mrs. Bender tried to hide the $50,000.00 collected from [him] from the Bankruptcy." (Id. at 3, 5.)

Mathis asserts that he proved that "Wells Fargo and the two employees who was trying to commit the foreclosure fraud and bankruptcy and mortgage fraud was trying to scam the court to illegally foreclose[] on [his] property by obstructing justice to not answer to the money they collected to obstruct justice." (Id. at 3.) Mathis further avers that he "received a court order July 18, 2017 to stop the foreclosure after proving no arrears and fraud of Wells Fargo[,] Mrs. Potter [and] Bender." (Id.)

Mathis asserts that he "met with an agent from the FBI" who indicated that "they were going to investigate criminally interfering with [his] rights to fair housing" and breach of contract. Mathis asserts "perjury and fraud [and] obstruction." (Id.) He also avers that Wells Fargo "lied to investigators of the financial protection bureau" and "tried to open unauthorized mortgage accounts" in his name. (Id. at 4.) Wells Fargo, Potter, and Bender "ignored providing legal[ly] required information to the court about collections of my payments which was used through money laundering." (Id.) He avers that they "ignored the law and did nothing . . . compelling fraud and violation of all laws listed." (Id. at 7.) Wells Fargo and Bender "tried to hide all payments [he] paid [to] create the false arrears to illegally foreclose with wire and mortgage and mail fraud." (Id.)

Mathis filed this action seeking "[his] deed to 1551 N 29 St. where Wells Fargo and Mrs. Bender and Mrs. Potter criminally interfered with [his] completion of the purchase of [his] home as labeled by the FBI with the scam to federal court to illegally foreclose on [his] property." (Id.

at 8.) He also seeks damages in the amount of one million dollars for the medical conditions from which he is now suffering including, *inter alia*, high blood pressure, stroke, heart attack, depression, and eating disorders. (Id. at 8.) Mathis asserts claims of human and civil rights violations, bankruptcy fraud, mortgage fraud, foreclosure fraud, misappropriation of mortgage payments (which he alleges is "money laundering"), criminal interference, breach of contract, and perjury against Defendants. (Id. at 2, 4, 7.)

The remainder of Mathis's Complaint consists of exhibits, including a copy of the agreement between Mathis and Hines, copies of filings in state court and bankruptcy court proceedings, a form that Mathis completed for the Philadelphia Division of the Federal Bureau of Investigation, miscellaneous federal statutes, receipts for money orders payable to Wells Fargo, and Citizen Report Forms that Mathis completed for the United States Attorney's Office.

Mathis has asserted similar claims in prior actions before me. Specifically, in Mathis v. Hines, Civil Action No. 17-0260, Mathis sued Hines and Wendell Grimes, her attorney at that time, referencing the same July 5, 2011 purchase agreement that is mentioned in the current Complaint. See Mathis v. Hines, Civil Action No. 17-0260, ECF No. 4 at 2. In his Amended Complaint, Mathis alleged, *inter alia*, that Hines and Grimes "conspire[d] to create a breach of contract by filing a wrongful action to court claiming that [he] was not paying the mortgage and was behind" on payments. (Id. at 3.) Mathis also asserted "criminal interference with [his] right to fair housing Title 42 USC Section 3631." (Id.) Although I initially dismissed Mathis's Amended Complaint for failure to comply with the requirements of Federal Rule of Civil Procedure 8(a), Mathis was granted leave to amend. See Mathis v. Hines, Civil Action No. 17-0260, ECF No. 5. Rather than amend, Mathis voluntarily requested to withdraw the action, and

by my Order dated June 12, 2017, the action was dismissed without prejudice. See Mathis v. Hines, Civil Action No. 17-0260, ECF No. 9.

In the case of Mathis v. Wells Fargo Corp., Civil Action No. 18-4798, Mathis again cited the July 5, 2011 agreement entered into with Hines, averring that attorneys and employees for Wells Fargo "conspired to create a scam" to breach the mortgage contract as well as the land purchase agreement. See Mathis v. Wells Fargo Corp., Civil Action No. 18-4798, ECF No. 7 at 3, 11. Mathis averred that the following rights were at issue: "Fair Housing Rights, Federal Court Order from a scam Due Process Bankruptcy fraud foreclosure fraud money laundering misappropriation of mortgage payments breach of contract mortgage fraud white collar crimes stolen mortgage payments criminally interfering with fair rights & housing discrimination fraud and deception." (Id. at 2.) As relief, Mathis requested, as he does here, that the deed to the property be transferred to him. (Id. at 15.) Mathis's Amended Complaint was dismissed, but he was granted leave to amend. See Mathis v. Wells Fargo Corp., Civil Action No. 18-4798, ECF No. 9. Rather than amend, Mathis voluntarily requested to withdraw the action, and by my Order dated January 2, 2019, the action was dismissed without prejudice. See Mathis v. Wells Fargo Corp., Civil Action No. 18-4798, ECF No. 9.

## II. STANDARD OF REVIEW

I granted Mathis leave to proceed *in forma pauperis* because it appeared that he was incapable of paying the fees necessary to commence this civil action. (ECF No. 6.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires a court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d

Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements will not suffice. Id. Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Mathis is proceeding *pro se*, the Court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." Fabian v. St. Mary's Med. Ctr., No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

#### A. Claims Regarding Civil Rights and Constitutional Rights

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Given Mathis's references to a "violation of [his] . . . human and civil rights," I construe his Complaint as attempting to raise claims pursuant to 42 U.S.C. § 1983. (ECF No. 2 at 2.)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" for liability to attach under § 1983. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); see also Iqbal, 556 U.S. at 676 (explaining that, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

### 1. Claims Against Mrs. Wilson

Although Mathis has named "Mrs. Wilson" as a Defendant in this matter, he does not mention Wilson anywhere in the body of his Complaint. Mathis is obligated to explain how each individual named as a Defendant was personally involved in the violation of his constitutional

rights. See Barkes v. First Corr. Med., Inc., 766 F.3d 307, 320 (3d Cir. 2014), reversed on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015). Because Mathis fails to mention Wilson in the body of his Complaint, he has not stated a basis for imposing liability against her. Thus, his claims against Wilson are subject to dismissal.

### 2. Wells Fargo Corporation, Mrs. Bender, and Mrs. Potter

Mathis has not alleged facts to support a plausible conclusion that any of the remaining named Defendants meet any of the foregoing tests for determining whether a defendant is acting under color of state law; and nothing in the Complaint suggests any factual or legal basis for considering that the Defendants are state actors who could be held liable under § 1983. Rather, the Defendants are identified as a bank and its employees. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009); Bailey v. Harleysville Nat'l Bank & Trust, 188 F. App'x 66, 67-68 (3d Cir. 2006) (per curiam) (concluding that defendant bank was not a state actor); Swope v. Northumberland Nat'l Bank, Civ. A. No. 13-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) ("[T]he Third Circuit Court of Appeals has repeatedly found that constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors."). Accordingly, because the named Defendants cannot be liable under § 1983, Mathis cannot state a plausible constitutional claim against them. Kach, 589 F.3d at 646. Thus, I must dismiss Mathis's § 1983 claims.

### B. Claims Regarding Fraud, Perjury, and Money Laundering

Mathis appears to suggest that the Defendants have violated various criminal statutes, including those covering various types of fraud, perjury, and money laundering. Criminal statutes, however, generally do not provide a basis for civil liability. See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); see also Oates v.

7

City of Phila. Civil Serv. Comm'n, Civ. A. No. 97-1220, 1998 WL 107300, at *1 (E.D. Pa. Feb. 18, 1998), aff'd without opinion Oates v. City of Phila., 176 F.3d 472 (3d Cir. 1999) (explaining that "18 U.S.C. § 1621 [which criminalizes perjury], do[es] not provide for [a] private cause[] of action for [its] alleged violation"); Jones v. TD Bank, 468 F. App'x 93, 94 (3d Cir. 2012) ("To the extent that Jones attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so.") (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 408 (8th Cir.1999) (collecting cases)). Accordingly, any claims brought pursuant to criminal statutes will be dismissed.

### C. Claims Under the Fair Housing Act

Mathis vaguely suggests that the Defendants violated his rights under the Fair Housing Act. (ECF No. 2 at 3.) Section 3605 of the Act states that it is unlawful "for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. §3605(a). Section 3617 prohibits coercion, intimidation, threats against or interference with any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act. See generally 42 U.S.C. § 3617. Nothing in the Complaint, however, suggests that the Defendants are in the business of engaging in residential real estate transactions or that they discriminated against him in the course of such a transaction. Moreover, nothing suggests that they interfered in any way with Mathis's ability to exercise his rights under the Fair Housing Act. Accordingly, these claims will be dismissed.

### D. State Law Claims

Mathis also appears to raise claims pursuant to state law, such as for breach of contract, against the Defendants. (ECF No. 2 at 2.) Because I have dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (quoting Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) and Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. See U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." Zambelli Fireworks Mfg. Co., 592 F.3d at 420. "The burden of establishing federal jurisdiction rests with the party asserting its existence." Lincoln Ben. Life Co., 800 F.3d at 105 (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. Id. at 107-08.

Mathis asserts his state of citizenship is Pennsylvania. (ECF No. 2 at 3.) The citizenship of Wells Fargo Corporation and its employees, however, is unknown to the Court; Mathis has merely listed the mailing address of Wells Fargo and its employees as a post office box located in Des Moines, Iowa. (Id. at 2.) Mathis has noted this address presumably because of correspondence he has received from both Bender and Potter. (Id. at 38-44.) Mathis's allegations do not explicitly reveal the Defendants' citizenship for purposes of plausibly establishing diversity jurisdiction. Accordingly, because Mathis has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising, the state law claims will be dismissed. See Lincoln Ben. Life Co., 800 F.3d at 105 (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

## IV. CONCLUSION

For the foregoing reasons, I will dismiss Mathis's federal claims with prejudice for failure to state a claim. Any state law claims are dismissed without prejudice for lack of subject matter jurisdiction. Mathis may file an amended complaint in this case in the event that he can allege a basis for subject matter jurisdiction over his state law claims.

An appropriate Order follows.